HON. RAYMOND F. LOUCKS County Attorney, Schenectady County
This is in response to the letter of F. Jay Juracka, Assistant County Attorney received on August 13, 1976, requesting an opinion of the Attorney General as to whether or not a member of the Schenectady County Board of Representatives may be appointed to serve on the Board of Managers of the Schenectady County Hospital without creating an incompatibility of the two offices.
Mr. Juracka has informed us that the Schenectady County Hospital was established pursuant to provisions of General Municipal Law, § 126, which provisions authorize the governing body of any county to establish a county public general hospital.
Schenectady County Charter, § 14.01, provides, as follows:
 "Schenectady county hospital facilities, except those under the supervision of the county department of social welfare as provided in article XIII of this charter, shall be administered and maintained under the supervision of a board of managers. The board of managers shall be appointed by the county manager, subject to confirmation by the board of representatives, in manner and number according to the administrative code." (Emphasis supplied.)
General Municipal Law, § 128, provides, in part:
"The board of managers shall:
* * *
 "2. Erect all necessary buildings; make all necessary improvements and repairs and alter any existing buildings, for the use of said hospital, provided that all expenditures for new buildings or alterations, other than ordinary repairs, shall first be authorized by the governing board of the county, town, city or village and the plans therefor approved by the state board of charities.
* * *
 "5. Have the general superintendence, management and control of the said hospital and of the grounds, buildings, officers, employees and inmates thereof * * *.
* * *
 "8. Notwithstanding the provisions of any other general law, and subject to such rules and regulations as the governing board may prescribe, audit all bills and accounts payable out of funds within its jurisdiction and order their payment by the fiscal officer of the county, town, city or village. * * *
 "9. Make to the governing board of the county, town, city or village by which the hospital is maintained, at such times as said board shall direct, a detailed annual report of the operations of the hospital, the number of patients received, the methods and results of their treatment, and such other matters as may be required of them. * * *"
Schenectady County Charter, § 2.00, provides for a board of representatives as the elective governing body of Schenectady County. Schenectady County Charter, § 2.08, provides for certain powers and duties of the Schenectady County Board of Representatives which include, in part:
 "2. To make appropriations, incur indebtedness and adopt the budget.
* * *
 "7. By local law to create, alter, combine or abolish county administrative units not headed by elective officers.
 "8. To fix the compensation of all officers and employees paid from county funds except members of the judiciary * * *
 "9. To make or cause to be made such studies, audits and investigations as it deems to be in the best interest of the county * * *."
County Law, § 411, provides:
 "No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor." (Emphasis supplied.)
Under the provisions of the above section, a member of the Schenectady County Board of Representatives would not be prohibited to serve on the Board of Managers of the Schenectady County Hospital; nor do we find any other statute which would proscribe the holding of the two offices simultaneously by the same person.
However, in 1963 Atty. Gen. [Inf.] 220, we concluded in substance that the positions of supervisor and of member of a board of managers of a county public general hospital are incompatible and the appointment of a supervisor to the latter position results in a conflict of interest. This conclusion was premised, among other things, on the following language:
 "* * * In this instance the supervisor would be called upon to audit his own accounts as a member of the Board of Supervisors. He would also be called upon to pass upon his own judgment and recommendations. Obviously the attempted disinterested and dispassionate examination of the hospital affairs could not be obtained insofar as one member of the Board of Supervisors is concerned as that member already would have taken a position on the matter while serving as one of the Board of Managers of the hospital. One position must by its very nature subordinate to the other. This is prohibited. Peo. ex rel. Ryan v. Green,
58 N Y 295."
Mr. Juracka has noted that Education Law, § 6306, specifically authorizes a member of a county board of representatives to be appointed to the board of trustees of a community college. The State Legislature has the power to enact a statute specifically providing for the appointment of a member of a county legislative body to serve on the board of managers of a county public general hospital.
Absent such enabling statute, based on all of the foregoing, we conclude that a member of the Schenectady County Board of Representatives may not be appointed to serve on the Board of Managers of the Schenectady County Hospital without creating an incompatibility of the two offices.